IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHERRI BROKAW, § | |
| § | |
| Plaintiff, § | |
| v. § | Civil Action No. 3:07-CV-0015-O |
| § | |
| DALLAS INDEPENDENT SCHOOL § | |
| DISTRICT; MICHAEL HINOJOSA, § | |
| SUPERINTENDENT, DISD; CELSO § | |
| MARTINEZ; DAVID RASTELLINI; TROY § | |
| L. COLEMAN; and RONALD PEACE, § | |
| § | |
| Defendants. § | |

**MEMORANDUM OPINION AND ORDER**

On September 18, 2008, the Court held a pretrial hearing to address Plaintiff's claims against Defendant Celso Martinez and the disputed issues pertaining to those claims that remained for trial. Based on the oral representations of Plaintiff's counsel, review of the complaint, and the applicable law, the Court finds that Plaintiff's §1983 claim against Defendant Martinez should be dismissed for failure to state a claim.

I. BACKGROUND

This case involves a civil rights action by Plaintiff against Defendants DISD, Michael Hinojosa, Celso Martinez, David Rastellini, Troy L. Coleman and Ronald Peace. *See* Doc. No. 1 (3:07-CV-0015-O) (N.D. Tex. Jan. 4, 2007). In her complaint, Plaintiff alleges that these defendants "jointly and severally" violated her due process rights under the Fourteenth amendment and her free speech rights under the First Amendment.[1]  *Id.*  On September 11, 2008, the Court entered a

---

[1] Plaintiff also brings a pendent state law claim for defamation solely against Defendant Celso Martinez. Doc. No. 1 (3:07-CV-0015-O) (N.D. Tex. Jan. 4, 2007).

1

memorandum opinion granting summary judgment in favor of Defendants DISD, Michael Hinojosa, David Rastellini, Troy L. Coleman, and Ronald Peace. Doc. No. 89 (3:07-CV-0015-O) (N.D. Tex. Sept. 11, 2008). Thus, only Plaintiff's claims against Defendant Martinez, who is proceeding *pro se*, remained pending for trial.

Because trial in this matter was specially set to commence September 22, 2008, the Court held a pretrial hearing on September 18, 2008 to address Plaintiff's remaining claims. At the hearing, the Court asked Plaintiff's counsel to clarify whether Plaintiff's §1983 claim against Defendant Martinez was pleaded in his individual capacity or in an official capacity. Plaintiff's counsel unequivocally stated the claim was brought against Defendant Martinez only in an individual capacity. Further, the Court specifically compared the statements identifying the remaining claims as set forth in the joint pretrial order with the claims alleged in Plaintiff's complaint. Based on the Court's review and analysis of the governing law applicable to the alleged violation of her liberty interest, Plaintiff conceded that Defendant Martinez did not have capacity or authority to provide her with due process. Instead, Plaintiff contended that the Fourteenth Amendment guarantees her right to be free from the "arbitrary deprivation of a liberty interest" and that Defendant Martinez violated this right when he allegedly made false, stigmatizing comments to the Dallas Morning News as reported in an article on July 20, 2006. Plaintiff conceded that this is the only constitutional claim as pleaded in complaint that remains pending against Defendant Martinez. The Court now considers whether Plaintiff's §1983 claim against Defendant Martinez should be dismissed for failure to state a claim. *See Shawnee Int'l v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984) (holding that a district court may *sua sponte* dismiss for failure to state a claim).

## II. ANALYSIS

As previously noted, Plaintiff's §1983 claims were pleaded against Defendant Martinez, jointly and severally. (Comp. at 7-8). Plaintiff orally clarified in open court that such allegations were intended to plead a claim against Defendant Martinez in an individual capacity. The Court finds that use of the words "jointly and severally" shows Plaintiff intended to sue Defendant Martinez in an individual capacity. *See Smith v. Central Dauphin Sch. Dist.*, 419 F. Supp. 2d 639, 649 (M.D. Pa. 2005) (holding that Plaintiff"s allegations against school district and individual defendants jointly and severally indicated an intent to sue the individuals in an individual capacity).

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States. *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, a plaintiff must allege facts that show (1) she has been deprived of a right "secured by the Constitution and the laws of the United States" and (2) that the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.,* 180 F.3d 234, 241 (5th Cir. 1999). Section 1983 only covers constitutional injuries caused by persons acting under color of state law. *Dahl v. Akin*, 630 F.2d 277, 281 (5th Cir. 1980). When the defendant is a private individual, the alleged unconstitutional conduct must be "fairly attributable to the state." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982).

Further, "[s]ection 1983 creates a private right of action for redressing the violation of federal law by those acting under color of state law . . . It is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere." *Colson v. Grohman,* 174 F.3d 498, 504 n.2 (5th Cir. 1999) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S.

75 (1984), *Albright v. Oliver*, 510 U.S. 266 (1984). Accordingly, a threshold inquiry in a § 1983 cause of action is whether plaintiff has alleged a violation of a constitutional right or of federal law. *Neal v. Brim,* 506 F.2d 6, 9 (5th Cir. 1975).

Plaintiff contends that she alleges a constitutional violation against Defendant Martinez because under the Fourteenth Amendment a person has a right to be free from an arbitrary deprivation of due process. Relying on the Supreme Court's decision in *Board of Regents v. Roth*, 408 U.S. 564 (1972), Plaintiff contends this is a cognizable constitutional right. In *Roth*, the Court considered whether an assistant professor at a state university was deprived of a liberty interest protected by the Fourteenth Amendment when he simply was not rehired for the next teaching year. *Roth*, 408 U.S. at 566. In that case, Plaintiff alleged, *inter alia*, that the failure to provide him with reasons for nonretention and an opportunity to be heard violated his rights to procedural due process. *Id.* at 569. In deciding whether Plaintiff was entitled to procedural due process, the Court reviewed the initial question of whether Plaintiff's interest in re-employment was protected under the Fourteenth Amendment. *Id.* at 571. The Court held that the liberty interest under the Fourteenth Amendment protects a person when a governmental employer declines to rehire him amidst charges "that might seriously damage his standing and associations in his community." *Id.* at 573. The Court further held that "[i]n such a case, due process would accord an opportunity to refute the charge before" governmental officials. *See id.* The Court clarified that once the governmental employer provides notice of the reasons for termination and an opportunity for the person to clear his name, the employer remains free to deny him future employment. *Id.* at n.12.

Here, Plaintiff argues that her remaining claim of "arbitrary deprivation of due process" arises from the Fourteenth Amendment and was recognized in *Roth*. Although unclear, Plaintiff

4

appears to argue that her constitutional claim against Defendant Martinez is something different than the liberty interest claim regarding the lack of a name clearing hearing, which was pleaded against her employer, DISD. In restating her claim in open court, Plaintiff seemed to mix the terms of substantive due process with the terms of a protected liberty interest. To state a substantive due process claim, a plaintiff must show that the government employer's deprivation of a property interest was arbitrary or not reasonably related to a legitimate governmental interest. *Williams v. Texas Tech Univ. Health Sciences Ctr.*, 6 F.3d 290, 294 (5th Cir. 1993). The Fifth Circuit has plainly held that the liberty interest to be free of false, stigmatizing charges gives rise to a right to procedural due process, not substantive due process. *Hughes v. City of Garland*, 204 F.3d 223, 225-226 (5th Cir. 2000) (citing *Rosenstein v. City of Dallas*, 876 F.2d 392, 395 (5th Cir. 1989). Thus, the Court finds that neither *Roth* nor the Fourteenth Amendment recognizes Plaintiff's alleged arbitrary deprivation of due process claim.

Nonetheless, to the extent that Plaintiff's complaint alleges a deprivation of her liberty interest that has been recognized by the Supreme Court, the Court finds that Plaintiff has failed to plead essential elements necessary to support her claim. "The liberty interest protected by the due process clause encompasses an individual's freedom to work and earn a living." *Wells v. Doland*, 711 F.2d 670, 676 (5th Cir. 1983). To state a successful claim for deprivation of a liberty interest, an employee must show that she was terminated without notice and an opportunity to be heard for reasons that were false, stigmatizing, and published. *Huffstutler v. Bergland*, 607 F.2d 1090, 1092 (5th Cir. 1979). The Supreme Court has held that an injured party may assert a §1983 claim for deprivation of liberty without due process of law when false, stigmatizing statements made by a government employee under color of law are accompanied by a tangible injury. *Paul v. Davis*, 424

U.S. 693, 701 (1976). The Fifth Circuit has interpreted *Paul* as creating a "stigma plus" test to establish a constitutional deprivation. *Phillips v. Vandygriff*, 711 F.2d 1217, 1221 (5th Cir. 1983). The "plus" requires a showing of a tangible injury to Plaintiff in addition to the false, stigmatizing comments. *Id.* Specifically, the "plus" factor requires a showing of not only significant damage to a person's employment opportunities but also, dismissal from a government job or deprivation of some other legal right or status. *Id.*

In sum, the Fifth Circuit has held that to properly plead a claim for deprivation of a protected liberty interest, a public employee must show either: that she was terminated for a reason that was (1) false, (2) publicized, and (3) stigmatizing to her standing or reputation in the community or that she was terminated for a reason that was (1) false, (2) had a stigmatizing effect such that (3) she was denied other employment opportunities as a result. *Cabrol v. Town of Youngsville*, 106 F.3d 101, 107 (5th Cir. 1997). Here, Plaintiff's complaint is completely devoid of any allegation that her employment was terminated.

With regard to her employment, Plaintiff instead pleads that she was placed on administrative leave with pay effective July 18, 2006. (Compl. at 5, ¶20). The Supreme Court has recognized that due process rights are not implicated when a public employee is suspended from employment with pay. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545-46 (1985). The Court therefore finds that allegations that an employee was placed on paid administrative leave do not equate to a termination of employment. *See Thurman v. Sears, Roebuck & Co.*, 952 F.2d 128, 136 (5th Cir. 1992) (declining to interpret an employee's leave of absence as a discharge from employment); *see also Senegal v. Jefferson County*, 785 F. Supp. 86, 89 (E.D. Tex. 1992) (holding that plaintiffs could not state a claim under § 1983 and the Fourteenth Amendment for deprivation

6

of a protected liberty interest because they failed to plead their employment had been terminated).

Further, Plaintiff simply pleads that Defendant Martinez's statements as published in a Dallas Morning News article on July 20, 2006 were false and stigmatizing. (Compl. at 5-6, ¶23). However, Plaintiff did not plead that as a result of these allegedly false, stigmatizing statements, she was deprived of other employment opportunities. Plaintiff conceded several times at the pretrial hearing that she had not pleaded that the allegedly false, stigmatizing statement foreclosed her employment opportunities. Finally, Plaintiff admitted that Defendant Martinez had no decision making authority regarding her employment, and could not provide her with due process. In sum, the only element Plaintiff pleads in support of her deprivation of a liberty interest is that Defendant Martinez made public false, stigmatizing statements. It is therefore apparent from Plaintiff's own allegations that she cannot state a constitutional violation.

To avoid dismissal for failure to state a claim, a Plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Plaintiff has failed to plead elements necessary to state a constitutional claim for deprivation of a liberty interest. Accordingly, she has not stated a §1983 claim that is plausible on its face. While a district court has discretion to grant a Plaintiff leave to amend her complaint when it finds her complaint fails to state a claim, the Court declines to allow amendment at this late date. Plaintiff filed her suit on January 4, 2007, and the case is now ready for trial. Plaintiff had ample opportunity to amend her complaint an in fact filed a motion for leave on December 3, 2007, but she voluntarily withdrew her motion for leave to amend and elected to stand on her claims as pleaded in her original complaint. *See* Doc. No. 39 (3:07-CV-0015-O) (N.D. Tex. April 24, 2008). Having failed to state a constitutional violation, the Court finds that Plaintiff's §1983 claim against Defendant Martinez

must be dismissed for failure to state a claim upon which relief may be granted.

III. CONCLUSION

For the foregoing reasons, it is ORDERED that Plaintiff's §1983 claim against Defendant Martinez is DISMISSED. Plaintiff's pendent state law defamation claim against Defendant Martinez is the only claim remaining for trial.

**SO ORDERED** on this 24th day of September 2008.

_[signature: Reed O'Connor]_
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**